IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION
No. 4:20-CV-9-BO

| | | |
|---|---|---|
| TONIA GILLIKIN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | O R D E R |
| | ) | |
| ANDREW SAUL, | ) | |
| *Commissioner of Social Security*, | ) | |
| | ) | |
| Defendant. | ) | |

This cause comes before the Court on plaintiff's motion for judgment on the pleadings [DE 17] and defendant's motion for summary judgment [DE 19]. A hearing on the motions was held before the undersigned on January 13, 2021 via videoconference. For the reasons that follow, plaintiff's motion is granted, and this matter is remanded to the Commissioner for further proceedings.

## BACKGROUND

Plaintiff brought this action under 42 U.S.C. § 405(g) for review of the final decision of the Commissioner denying her claim for disability and disability insurance benefits (DIB) pursuant to Title II of the Social Security Act. Plaintiff applied for DIB on February 2, 2016 and has alleged an amended onset date of November 3, 2015. After initial denials, a hearing was held before an Administrative Law Judge (ALJ), who issued an unfavorable ruling. The decision of the ALJ became the final decision of the Commissioner when the Appeals Council denied plaintiff's request for review. Plaintiff then timely sought review of the Commissioner's decision in this Court.

DISCUSSION

Under the Social Security Act, 42 U.S.C. § 405(g), this Court's review of the Commissioner's decision is limited to determining whether the decision, as a whole, is supported by substantial evidence and whether the Commissioner employed the correct legal standard. *Richardson v. Perales,* 402 U.S. 389, 401 (1971). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Johnson v. Barnhart*, 434 F.3d 650, 653 (4th Cir. 2005) (per curiam) (internal quotation and citation omitted).

An individual is considered disabled if he is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than [twelve] months." 42 U.S.C. § 1382c(a)(3)(A). The Act further provides that an individual "shall be determined to be under a disability only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other line of substantial gainful work which exists in the national economy." 42 U.S.C. § 1382c(a)(3)(B).

Regulations issued by the Commissioner establish a five-step sequential evaluation process to be followed in a disability case. 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4). At step one, if the Social Security Administration determines that the claimant is currently engaged in substantial gainful activity, the claim is denied. If not, then step two asks whether the claimant has a severe impairment or combination of impairments. If the claimant has a severe impairment, it is compared at step three to those in the Listing of Impairments ("Listing") in 20 C.F.R. Pt. 404, Subpt. P, App. 1. If the claimant's impairment meets or medically equals a Listing, disability is conclusively presumed. If not, at step four, the claimant's residual functional capacity (RFC) is assessed to

2

determine if the claimant can perform his past relevant work. If so, the claim is denied. If the claimant cannot perform past relevant work, then the burden shifts to the Commissioner at step five to show that the claimant, based on his age, education, work experience, and RFC, can perform other substantial gainful work. If the claimant cannot perform other work, then he is found to be disabled. *See* 20 C.F.R. § 416.920(a)(4). The claimant bears the burden of proof at steps one through four, but the burden shifts to the Commissioner at step five. *See Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987). If a decision regarding disability can be made at any step of the process the inquiry ceases. *See* 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4).

Here, the ALJ determined that plaintiff had not engaged in substantial gainful activity since her alleged onset date of November 3, 2015. The ALJ found plaintiff's history of intracranial hemorrhage with residuals, degenerative joint disease bilateral shoulders, hypertrophic changes to the rib/sternal manubrial joints, hypertension with hypertensive retinopathy, and visual field defect were severe impairments at step two, but determined at step three that plaintiff did not have an impairment or combination of impairments which met or medically equaled a disability listing. The ALJ found plaintiff to have an RFC of light work with limitations. The ALJ found that at step four plaintiff could return to her past relevant work as an inspector of household appliances and that this work does not require the performance of work-related activities precluded by plaintiff's RFC.

An ALJ makes an RFC assessment based on all of the relevant medical and other evidence. 20 C.F.R. § 404.1545(a). An RFC should reflect the most that a claimant can do, despite the claimant's limitations. *Id.* An RFC finding should also reflect the claimant's ability to perform sustained work-related activities in a work setting on regular and continuing basis, meaning eight-

3

hours per day, five days per week. SSR 96-8p; *Hines v. Barnhart*, 453 F.3d 559, 562 (4th Cir. 2006). Finally, an RFC "assessment must include a narrative discussion describing how the evidence supports each conclusion, citing specific medical facts (e.g., laboratory findings) and nonmedical evidence (e.g., daily activities, observations)." SSR 96-8p.

Substantial evidence does not support the ALJ's finding that plaintiff could perform her past relevant work. Plaintiff's testimony and the medical record does not support a finding that plaintiff is able to move about a workplace with her visual field defects. Plaintiff worked as an inspector of commercial refrigeration units until she suffered her brain bleed in November 2018, and this job required a lot of walking. However, she testified that she struggled with loss of mobility, headaches, depth perception, coordination, and balance even after rehabilitation, mostly due to residual weakness in the extremities and visual problems on her left side. Her visit to the emergency room when she suffered her brain bleed revealed a right hemisphere hematoma with ventricular extension, noted left visual field deficit, left upper and lower extremity weakness, and a severe headache. Further examination in the following days showed a large region of intraparenchymal hemorrhage in her right frontoparietal region and a small region in her right lateral ventricle, mass effect with dissection into the ventricular system, and moderate surrounding edema. She underwent rehabilitation for ongoing visual field defects, hypertension, nontraumatic intracerebral hemorrhage, generalized muscle weakness, and gait and mobility weakness, but she still had residual dysfunction of possible visual field defect involving the left field and trouble with balance following the rehabilitation.

In the following months, multiple doctors continued to note plaintiff's visual impairment and other weaknesses. Dr. Clarissa Glover-Danque discovered hypertensive retinopathy in

4

December 2015 and a bilateral visual field defect in both December 2015 and January 2016. In March 2016, Dr. Richard Bloomfield stated that plaintiff experienced continued balance and weakness issues and visual impairment, specifically visual loss. Even the non-examining State Agency physician who works for defendant stated that plaintiff would be unable to working at heights or around machinery. The record therefore demonstrates that plaintiff has continued to suffer from visual field defects which affect her mobility and ability to safely navigate her previous work environment, and plaintiff is unable to perform her past relevant work.

The ALJ's justifications for finding that plaintiff was not disabled, despite the extensive medical record, are unpersuasive. The ALJ argued that, because she played games on her phone, she could return to her past relevant work. However, these games were recommended by her occupational therapist to help her recovery, as the ALJ admitted, and her ability to play the games does not give insight into her visual field defects affecting her peripheral vision. Furthermore, the ALJ's statement that her visual field defects had improved is inaccurate, and it was actually her hypertensive retinopathy that had improved with better control of her blood pressure. Finally, the ALJ argued that greater visual field limitations could not be included in her RFC because plaintiff was unable to obtain reliable testing at least ninety days from her trip to the emergency room. However, this is also negated by the medical evidence, as Dr. Parham found in June 2017, significantly longer than ninety days from her November 2015 brain bleed, that she still had ongoing visual defects in both eyes.

The Court finds it appropriate to remand the case to address these issues in the RFC. Because the Court finds that remand is appropriate on this issue, it does not consider plaintiff's other arguments.

5

## CONCLUSION

Accordingly, plaintiff's motion for judgment on the pleadings [DE 17] is GRANTED and defendant's motion for summary judgment [DE 19] is DENIED. The Commissioner's decision is REMANDED for further proceedings consistent with the foregoing.

SO ORDERED, this __1__ day of ~~January~~ Feb, 2021.

TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE